UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER COPLEY, #153014,

        Petitioner,

                                CASE NO. 06-CV-13078
v.                                    HONORABLE JOHN CORBETT O'MEARA

OAKLAND COUNTY,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING CIVIL RIGHTS COMPLAINT AND
CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

**I.    Introduction**

Christopher Copley ("Plaintiff"), a Michigan prisoner, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. This Court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). In his complaint, Plaintiff alleges that he is being unlawfully imprisoned. Petitioner names Oakland County as the defendant is in this action. Plaintiff seeks injunctive relief and monetary damages. Having reviewed the complaint, the Court dismisses it as frivolous for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. The Court also concludes that an appeal cannot be taken in good faith.

**II.    Discussion**

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a

claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to summary dismissal.

As noted, Plaintiff alleges that he is being unlawfully imprisoned. Because Plaintiff is challenging his criminal conviction and continued confinement, he fails to state a claim upon which relief may be granted. A claim under § 1983 is an appropriate remedy for a prisoner challenging a condition of his imprisonment. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). In this case, Plaintiff is actually seeking habeas corpus relief inasmuch as his ineffective assistance of counsel claim addresses the validity of his continued confinement. Such claims are not properly brought under 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his

conviction or imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254).  This holds true regardless of the relief sought by the prisoner.  *Id.* at 487-89.  Plaintiff has not shown that his conviction has been reversed on appeal or otherwise declared invalid.  His civil rights complaint must therefore be dismissed.

**III.   Conclusion**

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted and **DISMISSES** his civil rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Additionally, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED**.

s/John Corbett O'Meara
United States District Judge

Dated:  September 1, 2006

I hereby certify that a copy of the foregoing document was mailed to Plaintiff on this date, September 1, 2006, by ordinary mail.

s/William Barkholz
Case Manager